Patricia A. O'Connor (PO5645)
BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendants
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778

WM 15-310 PO
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ZORAIDA MERCED,

          Plaintiff,

   -against-

WAL-MART STORES EAST, LP,

          Defendant.
-------------------------------------------------------------------X

Docket No.:

**NOTICE OF REMOVAL**

**TO THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK:**

   Defendant, WAL-MART STORES EAST, LP, for the removal of this action from the Supreme Court of the State of New York, County of BRONX, to the United States District Court for the SOUTHERN District of New York, respectfully shows this Honorable Court:

   FIRST:  Defendant, WAL-MART STORES EAST, LP is a defendant in a Civil action brought against it in the Supreme Court of the State of New York, County of BRONX, entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
ZORAIDA MERCED,                                    Index No.: 25246/15

                        Plaintiff,

    -against-

WAL-MART STORES EAST, LP,

                        Defendant.
------------------------------------------------------------------X

Copies of the Summons, the Complaint, and WAL-MART STORES EAST, LP's Answer are annexed hereto as Exhibit A.

       SECOND: That this action seeks recovery for damages sustained as a result of personal injuries allegedly suffered by the plaintiff while on the defendant's premises.

       THIRD: The grounds for removal are that this Court has original jurisdiction pursuant to 28 § 1332(a)(1). The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States. Plaintiff has requested over $75,000.00 to settle this claim.

       FOURTH: The defendant, WAL-MART STORES EAST, LP, is a Delaware limited partnership with its corporate headquarters and principal place of business in Arkansas. WSE Investment, LLC, is the limited partner of WAL-MART STORES EAST, LP, and WSE Management, LLC is the General Partner. Both are Delaware companies with their principal places of business in Arkansas. The sole member of both limited liability companies is Wal-Mart Stores East, Inc. Wal-Mart Stores East, Inc. is a citizen of Arkansas. It is incorporated in Arkansas and its principal place of business is in Arkansas. Thus, for diversity purposes, the defendant is a citizen of Arkansas. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d

157 (1990) (stating that, for purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998) (stating that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its members).

FIFTH: That upon information and belief Plaintiff is a citizen of the State of New York, County of BRONX.

SIXTH: In that this action is between citizens of different states and seeks damages in excess of $75,000.00, than pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 1441 and § 1446 the case should be removed from the Supreme Court of the State of New York, County of BRONX to the United States District Court for the SOUTHERN District of New York.

Dated: Northport, New York
December 18, 2015

Yours, etc.

BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By: _____
PATRICIA A. O'CONNOR (PO 5645)
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 15-310 PO

TO: GREG GARBER, ESQ.
Attorney for Plainitff
60 Madison Avenue, Suite 10005
New York, New York 10010
(212) 779-2740

# Exhibit

# A


# CT Corporation

**Service of Process Transmittal**
09/29/2015
CT Log Number 527900119

**TO:** Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th St MS 215
Bentonville, AR 72716-6209

**RE:** Process Served in New York

**FOR:** Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Merced Zoraida, Pltf. vs. Wal-Mart Stores, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Verified Compliant, Verification, Certification, Attachment(s), Notice |
| **COURT/AGENCY:** | Bronx County: Supreme Court, NY<br>Case # 252462015E |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - Failure to maintain premises in safe condition - On or about July 30, 2015 - 275 Main Street, City of White Plains, County of Westchester, New York |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/29/2015 at 13:30 |
| **JURISDICTION SERVED:** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Greg Garber<br>60 Madison Avenue<br>Suite 1005<br>New York, NY 10010<br>212-779-2740 |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/29/2015, Expected Purge Date: 10/04/2015<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service of Process ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 111 Eighth Avenue<br>13th Floor<br>New York, NY 10011 |
| **TELEPHONE:** | 212-590-9070 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
ZORAIDA MERCED,

                              Plaintiff(s),         **SUMMONS**

       -against-

                                                        INDEX NO. 25246/2015E

WAL-MART STORES, INC.,                                  FILED ON: 09/22/15

                              Defendant(s).
------------------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANT(S):**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney, within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

        The basis of the venue designated is the plaintiff's residence.

DATED:     New York, New York
                 September 22, 2015

                                                          Yours, etc.

                                                          By: _____
                                                          GREG GARBER, ESQ.
                                                          Attorney for Plaintiff
                                                           60 Madison Avenue - Suite 1005
                                                          New York, N.Y. 10010
                                                          (212) 779-2740

<u>Defendant's Address:</u>
WAL-MART STORES, INC.
c/o CT CORPORATION SYSTEM
111 8TH AVENUE
NEW YORK, NEW YORK 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X   **INDEX NO. 25246/2015E**

ZORAIDA MERCED,

                               Plaintiff(s),    **VERIFIED**

      -against-                                           **COMPLAINT**

WAL-MART STORES, INC.,

                                         Defendant(s).
------------------------------------------------------------------X

        Plaintiff, by her attorney, GREG GARBER, ESQ. complaining of the above named defendant respectfully alleges upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION, PLAINTIFF, ZORAIDA MERCED ALLEGES:

        1.     That at all times hereinafter mentioned, plaintiff ZORAIDA MERCED was and still is a resident of the County of Bronx, City and State of New York.

        2.     That at all times hereinafter mentioned the defendant, WAL-MART STORES, INC. was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York, and maintains an office for the transaction of business in New York State.

        3.     That at all times hereinafter mentioned, defendant, WAL-MART STORES, INC. was a domestic corporation doing business in the State of New York with a place of business in the State of New York.

        4.     That at all times hereinafter mentioned, defendant, WAL-MART STORES, INC. was a duly organized foreign corporation authorized to do business in the State of New York and transacting business in the State of New York.

        5.     That at all times hereinafter mentioned, defendant, WAL-MART STORES, INC. was a foreign corporation transacting business in the State of New York with a place of business in the State of New York.

        6.     That on or about the 30th day of July, 2015, the defendant, WAL-MART STORES, INC., was the owner of certain real property identified as 275 Main Street, City of White Plains, County of Westchester and State of New York.

        7.     That on or about the 30th day of July, 2015, the defendant, WAL-MART

STORES, INC., managed certain real property identified as 275 Main Street, City of White Plains, County of Westchester and State of New York.

8. That on or about the 30th day of July, 2015, the defendant, WAL-MART STORES, INC., maintained certain real property identified as 275 Main Street, City of White Plains, County of Westchester and State of New York.

9. That at all times hereinafter mentioned, the aforementioned premises was and still is used for commercial purposes.

10. That on or about the 30th day of July, 2015, the defendant, WAL-MART STORES, INC., was the lessor of certain real property identified as 275 Main Street, City of White Plains, County of Westchester and State of New York.

11. That on or about the 30th day of July, 2015, the defendant, WAL-MART STORES, INC., was the lessee of certain real property identified as 275 Main Street, City of White Plains, County of Westchester and State of New York.

12. That on or about the 30th day of July, 2015, the defendant, WAL-MART STORES, INC., operated a retail store at the premises identified as 275 Main Street, City of White Plains, County of Westchester and State of New York.

13. That at all times hereinafter mentioned, the defendant, its servants, agents, and/or employees, managed, controlled, operated, and maintained certain real property and premises identified as 275 Main Street, City of White Plains, County of Westchester and State of New York.

14. That on or about the 30th day of July, 2015 the defendant was under a duty to properly maintain and care for the aforementioned premises so that said premises were in a safe and proper condition and so that they were not dangerous to those who lawfully used them.

15. That at all times hereinafter mentioned, it was the duty of the defendant, its agents, servants and/or employees to use reasonable care and diligence in the management, ownership, operation, care, custody and control of the said premises and of any condition thereon and at all times to keep same in a proper and safe condition.

16. That on or about the 30th day of July, 2015, the plaintiff, ZORAIDA MERCED, while lawfully at said premises, was caused to slip and fall as a result of a hazardous, dangerous, traplike condition, due to the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees.

17. That at all times hereinafter mentioned, and for some time prior thereto, the aforementioned premises were in a dangerous and unsafe condition, defendant having negligently and carelessly caused and permitted said premises to be and remain in said unsafe and dangerous condition.

18. That at all times herein after mentioned, and for some time prior thereto, the defendant, its agents, servants and/or employees had knowledge and written, actual and/or constructive notice of the aforementioned dangerous, hazardous and unsafe condition.

19. That at all times hereinafter mentioned, the defendant, its agents, servants and/or employees were negligent and guilty of culpable conduct in negligently and carelessly causing, creating and permitting said premises to be and remain in a hazardous, unsafe and dangerous condition; that the defendant, its servants, agents, and/or employees were careless, reckless, negligent and guilty of culpable conduct, in the ownership, operation, maintenance, and control of said premises; that the defendant, its servants, agents, and/or employees were careless, reckless, negligent and guilty of culpable conduct, in causing, creating, permitting, and/or allowing a dangerous, hazardous, slippery condition to be, continue, and remain upon said premises; in causing, allowing, creating, and/or permitting a hazard, menace, and a nuisance for persons lawfully at said premises, and in particular this plaintiff; in failing to train and hire competent personnel for the purpose of maintaining said premises; in failing to take reasonable measures necessary to prevent the creation of a hazardous condition for those persons lawfully at said premises, and in particular this plaintiff; in failing to adequately supervise those servants, agents, and/or employees who were present on the premises in order to protect against the creation, and/or allowance of a hazardous condition; in failing to post any warning signs or barriers; in failing to properly inspect, maintain and clean said premises; in causing, permitting, and allowing said premises to exist and remain in an otherwise unsatisfactory condition, thereby constituting a concealed menace, nuisance, hazard and trap; in failing to adequately and reasonably supervise its servants, agents, and/or employees for the purpose of adequately and responsibly operating maintaining and controlling the premises; in failing to take the necessary and requisite steps to prevent this foreseeable occurrence; in failing to supervise the employees; in having both actual and/or constructive knowledge of the dangerous conditions complained of; in violating the applicable rules, statutes, and ordinances which governed the activities of the defendant at the time and place herein mentioned; and in otherwise being negligent.

20. That by reason of the foregoing, the plaintiff, was caused to and did sustain severe, painful and serious personal injuries in and throughout the limbs and body; became sick, sore, lame and disabled; was caused to suffer contusions, fractures, abrasions, lacerations, and sprains; was caused to suffer a severe shock to the nervous system and certain internal injuries; was caused to suffer and still continues to suffer great physical pain, mental anguish and bodily injuries; was confined to a hospital, bed and home for a long period of time; was compelled to undergo hospital and medical aid, treatment and attention and to expend diverse sums of money for same; has been prevented from engaging in said plaintiff's usual occupation and activities for a long period of time, all with attendant losses and since some of said injuries are of a permanent and long lasting nature, upon information and belief will continue to suffer continuous pain, suffering, inconvenience, loss of enjoyment of life, and damage in the future.

21. This action falls within one or more of the exceptions set forth in CPLR ss1602.

22. That the amount of said damages sustained by the plaintiff as a result of the aforesaid serious personal injuries and pecuniary loss are in a substantial sum of money to be determined by the court and jury.

23. That the amount of said damages sustained by the plaintiff as a result of the aforesaid exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this action.

**WHEREFORE**, plaintiff, ZORAIDA MERCED, demands judgment against the defendant on the First Cause of Action in an amount which exceeds the jurisdiction limits of all lower courts which would otherwise have jurisdiction over this action, together with interest, costs and disbursements of this action.

DATED:   New York, New York
         September 22, 2015

                                            Yours, etc.

                                            By: _____
                                            GREG GARBER, ESQ.
                                            Attorney for Plaintiff
                                            60 Madison Avenue - Suite 1005
                                            New York, N.Y. 10010

(212) 779-2740

## ATTORNEY VERIFICATION

I, the undersigned an attorney admitted to practice in the Courts of the State of New York, state that I am the attorney of record for the plaintiff, ZORAIDA MERCED in the within action; I have read the foregoing SUMMONS AND VERIFIED COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe them to be true. The reason this verification is made by me and not the plaintiff is that the plaintiff resides in a county other than where your affirmant maintains his law office.

The grounds of my belief, as to all matters not stated upon my own knowledge are as follows: review of file.

I affirm that the foregoing statements are true under penalties of perjury.

Dated:   New York, New York
         September 22, 2015

                                                                GREG GARBER, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X  INDEX NO. 25246/2015E
ZORAIDA MERCED,

                              Plaintiff(s),

                                                    **CERTIFICATION**

    -against-

WAL-MART STORES, INC.,

                              Defendant(s).
------------------------------------------------------------------------X

       GREG GARBER, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, hereby certifies in accordance with 22 NYCRR Part 130-1.1-a of the Rules of the Chief Administrator that to the best of my knowledge, information and belief, which was formed upon personal knowledge of the facts and events that occurred and after a reasonable inquiry under the circumstances, the presentation of the SUMMONS AND VERIFIED COMPLAINT and its contents are not frivolous, as the term is defined in Part 130.

DATED:     New York, New York
                September 22, 2015

                                                              Yours, etc.

                                                              By: _____
                                                             GREG GARBER, ESQ.
                                                             Attorney for Plaintiff
                                                             60 Madison Avenue - Suite 1005
                                                            New York, N.Y. 10010
                                                            (212) 779-2740

**INDEX NO. 25246/2015E**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

ZORAIDA MERCED,

          Plaintiff(s),

  -against-

WAL-MART STORES, INC.,

          Defendant(s).

## SUMMONS AND VERIFIED COMPLAINT

GREG GARBER, ESQ.
Attorney for Plaintiff
60 Madison Avenue - Suite 1005
New York, NY 10010
(212) 779-2740

Signature Pursuant to Rule 130.1.1.-a

_____
GREG GARBER, ESQ.

WM 15-310 PO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
ZORAIDA MERCED,

                              Plaintiff,

                  -against-

WAL-MART STORES, INC.,

                              Defendant.
-----------------------------------------------------------------X

Index No.: 25246/15E

**VERIFIED ANSWER**

        The defendant, WAL-MART STORES EAST, LP i/s/h/a WAL-MART STORES, INC., by its attorneys, BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

### AS TO THE FIRST CAUSE OF ACTION

        FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1", and each and every part thereof.

        SECOND: Defendant denies the allegations set forth in paragraph marked "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", and "13", except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do business in the State of New York, is a sublessee of that portion of the premises comprising the White Plains Wal-Mart, and is the operator of the White Plains Wal-Mart, leaving all other questions to the Court.

        THIRD: Defendant denies the allegations set forth in paragraphs marked "14", and "15", and respectfully refers all questions of law to the trial Court.

        FOURTH: Defendant denies the allegations set forth in paragraphs marked "16", "17", "18", "19", and "20", and each and every part thereof.

FIFTH: Defendant denies the allegations set forth in paragraph marked "21", and respectfully refers all questions of law to the trial Court.

SIXTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "22", and "23", and each and every part thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SEVENTH: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

EIGHTH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

NINTH: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP i/s/h/a WAL-MART STORES, INC., requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
       October 6, 2015

                          Yours, etc.

                          BRODY, O'CONNOR & O'CONNOR, ESQS.
                          Attorneys for Defendant

                          By: _____
                                PATRICIA A. O'CONNOR
                                7 Bayview Avenue
                                Northport, New York 11768
                                (631) 261-7778
                                File No.: WM 15-310 PO

TO:    GREG GARBER, ESQ.
         Attorney for Plainitff
         60 Madison Avenue, Suite 10005
         New York, New York 10010
         (212) 779-2740

## **AFFIRMATION BY ATTORNEY**

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
October 6, 2015

_____
PATRICIA A. O'CONNOR

## AFFIDAVIT OF MAILING

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF SUFFOLK    )

DEBRA SANACORA, being duly sworn, deposes and says:

That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

That on the 18th day of December, 2015, deponent served the within NOTICE OF REMOVAL

UPON:

GREG GARBER, ESQ.
Attorney for Plainitff
60 Madison Avenue, Suite 10005
New York, New York 10010
(212) 779-2740

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
DEBRA SANACORA

Sworn to before me this
18th day of December, 2015.

_____
NOTARY PUBLIC

PATRICIA A. O'CONNOR
NOTARY PUBLIC, STATE OF NEW YORK
NO. 020C6028806
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES ON 6/6/20_18